EMELY ALLEN ELFRETH, executrix, complainant,

v.

CHARLES J. ALLEN et al., defendants.

[December 6th, 1923.]

1. When a foreign corporation, not suable in this state, is, brought into court by service of process in conformity with section 88 of our Corporation act, the question of jurisdiction is properly raised by a motion to dismiss the bill and not by by a motion to quash the service.

2. An allegation in a bill against a foreign corporation not doing business in this state, that a deed of assignment of patent rights to the corporation was *signed* in this state by the signors, does not amount to a charge that such foreign corporation made a contract in this state in respect to which it may be sued in this state.

3. Where the recovery sought against a foreign corporation not doing business in this state is *in personam* for damages for unlawful use of patents, a prayer for annulment of the deed assigning such patent to the corporation is not sufficient to hold the bill, where it is not alleged in, and there is no inference to be drawn from the bill that the deed is a contract or the result of a contract made in this state in respect of which the corporation may be sued in this state.

On motion to quash the service of process.

*Mr. Peter Backes,* for the motion.

*Mr. Henry H. Wittstein, contra.*

BACKES, V. C.

The complainant filed this bill as one of the executors of the estate of Samuel L. Allen, deceased, against her co-executors and the S. L. Allen & Company, Inc., to set aside a deed of assignment of certain letters patent belonging to the estate, executed by her co-executors to the company, and for an accounting by the company of the profits made by it from the use of the patents, and also to charge such profits against

her co-executors, on the ground that the assignment was voluntary, without consideration and a fraud on the estate. The S. L. Allen & Company, Inc., is a corporation of the State of Pennsylvania and its plant is located at Philadelphia. William H. Roberts, its president, resides at Moorestown, in this state, and *subpœna ad respondendum,* directed to the company, was served upon him at his residence. Under a conditional appearance the company moves to quash the service on the ground that it is not ameanable to the jurisdiction of this court, in that it did not and never has engaged in business in this state. Service was correctly made in the manner prescribed by section 88 of our Corporation act. *Comp. Stat. p. 1653.*

Motion to quash service is proper only where service is not made in compliance with the statute. Prior to the Chancery act of 1915, which abolishes pleas and demurrers and substitutes motions, the question of jurisdiction here presented could only be raised by plea or demurrer; by demurrer if lack of jurisdiction appeared on the face of the bill. *Wilson* v. *American Palace Car Co., 65 N. J. Eq. 730; Puster* v. *Parker Mercantile Co., 70 N. J. Eq. 771, 1 Dan. Ch. Pr. (6th ed.) 550m.* This motion, which is brought on order to show cause, should have demanded the judgment of the court whether the company should be compelled to make answer, and for a dismissal of the bill, instead of a motion to quash the service; but on the hearing the motion was treated as in the nature of a demurrer. It was also conceded that the S. L. Allen & Company, Inc., was a foreign corporation and that it had never transacted business in this state.

The bill alleged that the deed of assignment was *signed* at Moorestown, in this state, by the complainant's co-executors, and the complainant contends that therefore, upon the authority of *National Condensed Milk Company* v. *Brandenberg, 40 N. J. Law 111,* wherein Mr. Justice Dixon said that "Since the case of *Moulin* v. *Insurance Co., 4 Zab. 222,* and *1 Dutch. 57,* it must be regarded as the settled law of this court that if a corporation makes a contract in a state other than in which it was chartered, it thereby submits itself to the juris-

diction of such foreign sovereignty so far as to be liable to suit therein in regard to that contract when summoned according to the laws of the state," the company had submitted itself to this jurisdiction. My notion of the *Moulin's Case* is that it does not go so far; but be that as it may, the present case as made by the bill does not fall within Mr. Justice Dixon's interpretation. That the assignors *signed* the deed of assignment in this state does not charge that the company made a contract in this state.

Furthermore, this suit is not a suit in regard to a contract The recovery sought against the company is *in personam* for damages for the unlawful use of the patents. The prayer for the annulment of the deed is not sufficient to hold the bill. It is not alleged and there is no inference to be drawn from the bill that the deed is a contract or the result of a contract.

A decree will be advised that the bill be dismissed as against the company.